UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jaime Londono,                          )       CASE NO.  4:13cv0270
                                        )
            Petitioner,                 )       Judge Jeffrey J. Helmick
                                        )
    v.                                  )
                                        )       MEMORANDUM OPINION
                                        )       & ORDER
Warden Coakley,                         )
                                        )
            Respondent.                 )

Before me is *pro se* petitioner Jaime Londono's petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner is an inmate confined at the Federal Correctional

Institute in Elkton, Ohio and names F.C.I. Elkton Warden Joe Coakley as Respondent.  Petitioner

complains the respondent is violating his right to equal treatment by refusing to authorize his

transfer to a prison closer to his family.

BACKGROUND

Petitioner is a citizen of Colombia.  In 2005, he pleaded guilty to conspiracy to distribute

heroin in violation of 21 U.S.C. § 846.  *See United States v. Morales et al*, No. 1:05cr0495 (S.D.  NY).

He was sentenced on July 2, 2008, to serve 292 months in prison. *Id.* at Doc. No. 168.[1] The Bureau

of Prisons website indicates Petitioner is scheduled for release on or about October 24, 2026.  *See*

---

[1] Details of Petitioner's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D.Cal. 2009) (court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

www.bop.gov/iloc2.

In 2012, Petitioner met with his Unit Team at F.C.I. Elkton and requested a transfer to a prison closer to his "loved ones" in the state of Florida.  The staff denied his request based on Petitioner's "legal status."  He claims he was advised he would serve the remainder of his prison sentence at F.C.I. Elkton.

On May 21, 2012, Petitioner initiated his administrative appeals through the BOP.  He specifically requested a transfer to FCI Coleman in Northern Florida to be closer to his loved ones. The following day, his request was denied by the Unit Manager.  Quoting from BOP Program Statement §5100.08, Chapter 7, the manager explained that any inmate with an Order of Removal, Order of Deportation or Immigration & Customs Enforcement detainer would not be eligible for a nearer release transfer.  Because ICE lodged a detainer against Petitioner as a deportable alien, his request for a nearer release transfer was denied.  Petitioner's subsequent appeals to the warden, Regional Director, and Central Office were denied on the same basis.

Petitioner challenges the BOP's decision by asserting he is not requesting a "nearer release transfer."  Instead, he states it is obvious he is not seeking a transfer closer to home upon release because he still has more than over twelve years left to serve his sentence.    Therefore, he argues the Respondent's rationale for denying his request is "incorrect."

Londono believes the decision to deny his request based on his alien status violates the Equal Protection Clause.  Citing *Plyler v. Doe*, 457 U.S. 202, 228, n. 23, (1982), he asserts he has a right to equal protection even as a non-U.S. citizen.   Therefore, he argues he has the same right to be transferred to another institution as any prisoner who is a United States citizen and confined at the same security level.

**DISCUSSION**

**A.  Standard of Review**

2

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). I may dismiss the Petition at any time, or make any such disposition as law and justice require, if I determine the Petition fails to establish adequate grounds for relief.  *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243); *see also* 28 U.S.C. § 2243.

Section 2241 only extends its reach to challenges that affect the length or duration of a prisoner's sentence.  Thus, to the extent a prisoner claims the BOP is improperly executing or interfering with the manner in which his or her sentence is being served, the prisoner shall file a petition in the court having jurisdiction over his or her custodian.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

The Sixth Circuit has held that a prisoner's proper custodian, for purposes of habeas review, is the warden of the facility where he or she is being held.  *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).  Therefore, Petitioner has named the proper respondent in this action, his current custodian - the warden at F.C.I. Elkton.

 In addition to establishing this Court's personal jurisdiction, a federal prisoner must exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).  Exhaustion of administrative remedies within the BOP is a non-jurisdictional prerequisite to federal prisoners seeking review of the BOP's execution of an inmate's sentence. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993).  The record clearly reflects that Londono fully exhausted his administrative remedies.

3

Although this Court has personal jurisdiction over Petitioner's custodian and he has fully exhausted his administrative remedies, Londono is not entitled to habeas relief for the reasons stated below.

## B. No Right to Prison Transfer

Londono seeks an Order directing Warden Coakley to transfer him to F.C.I. Coleman.   He does not believe the BOP policy rendering any prisoner subject to deportation ineligible for a nearer release transfer applies to him.  Instead, he asserts the BOP's refusal to transfer him based on this policy violates his Constitutional right to equal treatment under the law.[2]

The BOP is charged with the responsibility of designating the place of a prisoner's confinement.  *See* 18 U.S.C. § 3621(b).  Under this statute, it provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise.

*Id.* Therefore, any entitlement to a prison transfer, to which Londono believes he has a right, must stem from that authority.  All transfers and prison assignments are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

It is only when a prisoner demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States," that habeas relief is available.  28 U.S.C. § 2241(c)(3).  The BOP's refusal to transfer Londono to FCI Coleman does not establish he is being held in violation of the Constitution.  Prisoners generally have no liberty interest in their placement or classification while incarcerated.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).   Thus, inmates have no right to

---

[2] Because Londono is not entitled to habeas relief, I will not address his Equal Protection claims attacking the Constitutionality of the BOP's policy.  Whether a prison regulation impinges on an inmate's constitutional rights is a question better left to a civil rights action challenging a prisoner's conditions of confinement.  *See e.g. Turner v. Safley*, 482 U.S. 78, 89 (1987); *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989) (applying regulation standard to action).

be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

To establish the existence of a liberty interest, a prisoner must show he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id.* at 487.  Londono maintains that if the BOP does not transfer him closer to his family it is "highly unlikely that he will see his loved ones." (Doc. No. 1 at 4.)  He believes his incarceration is sufficient punishment for his crime and, therefore, infers that the BOP's denial of his request is an atypical hardship.

While I am certainly sympathetic to Londono's desire to be closer to his family, without a liberty interest at stake, Londono cannot assert any "right" to be transferred to a particular prison. *See Olim*, 461 U.S. at 245.  Therefore, denying his request for a transfer is not an atypical hardship. More importantly, for habeas purposes, Londono has not argued any claim that the BOP's decision will affect the length of his confinement.

## CONCLUSION

For the foregoing reasons, the Petition is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice to any civil rights complaint Petitioner may seek to pursue in the future.  The Court certifies that an appeal from this decision could not be taken in good faith.[3]

**So Ordered**.

 s/Jeffrey J. Helmick
*United States District Judge*

---

[3]    28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

5